UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT ZIADIE, | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO. _____ |
| PENNYWISE MANUFACTURING, LLC, | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

Plaintiff Robert Ziadie files his Complaint for Damages against Defendant PennyWise Manufacturing, LLC, showing this Court as follows:

## PARTIES, JURISDICTION AND VENUE

1.

Plaintiff Robert Ziadie is a citizen of, resident of, and is domiciled in the State of Georgia.

2.

Defendant PennyWise Manufacturing, LLC, is a Colorado company with its principal place of business located at 11925 I-70 Frontage Road N., Suite 300,

Wheat Ridge, Colorado 80033. Upon information and belief, no member of Defendant PennyWise is a citizen of Georgia. Accordingly, Defendant PennyWise is a citizen of Colorado for jurisdictional purposes. Defendant PennyWise's registered agent for service of process is Garrett Garcia, 283 Acacia Ave, Carlsbad, California 92008. When said agent is served with copies of the Summons and Complaint in this matter, Defendant PennyWise will be subject to the jurisdiction and venue in this Court. Defendant PennyWise has been properly served in this matter.

3.

Venue is proper in this Court.

## **THE PRODUCT**

4.

At all relevant times, Kermit's Products, LLC d/b/a Mile Hi Distilling manufactured and sold stills and still accessories to the general public, which can be used for several activities including, and especially, distilling alcohol/liquor.

5.

In or about 2013 or 2014, Mile Hi Distilling decided to make stills containing an internal electric heating element that could be used to heat the liquid for distilling purposes, including alcohol/liquor.

6.

In order to do so, they needed a company with electrical expertise that could design, specify, and manufacture a plug-in temperature-controlled heating device that could control the heat output of a heating element that would be installed inside of a still.

7.

Mile Hi Distilling approached its neighbor, Defendant PennyWise, to solicit the advice and expertise of Defendant PennyWise to make such a heating device. In return, Defendant PennyWise designed, specified, manufactured, and sold four distinct temperature-controlled heating devices to Mile Hi Distilling, which it knew Mile Hi Distilling would sell to the general public all over the world, including the state of Georgia.

8.

From that point, Defendant PennyWise manufactured these temperature-controlled heating devices for Mile Hi Distilling, and continues to do so to this day. During this time, Defendant PennyWise has sold at least 7,500 heating devices for use in liquor stills.

9.

Specifically, Defendant PennyWise sells these heaters so that users can heat any liquid contained within a liquor still, including highly flammable liquids such as alcohol, so that the vapors of that liquid may be distilled into various liquors.

10.

Defendant PennyWise markets the services that it provides to Mile Hi Distilling on its website in a variety of ways, including the following examples:



**Figure 1: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



PRODUCT ➡ COMPLETE SYSTEM ➡ PATENT

**Figure 2: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 3: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 4: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 5: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 6: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 7: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 8: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 9: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**



**Figure 10: Source (https://pw-mfg.com/portfolio_page/heater-controller/)**

11.

The product at issue is one of these temperature-controlled heating devices:

a 220V Variable Single Element Temperature Controller (Model No. TC1A) that

contained a 220V 5500W heating element (the "Heater").

12.

Defendant PennyWise designed, specified, manufactured, and sold the

Heater to Kermit's Products, LLC d/b/a Mile Hi Distilling, who in turn sold it to

North Georgia Still Company, LLC, so that it could be used as a component part of

a liquor still sold by North Georgia Still Company, LLC.

13.

The Heater was contained within, and was a component part of, a 20 Gallon

Distillers Kit, with a fill port/sight glass, and a 3" fill port liquor still that was sold

by North Georgia Still (the "Still") to NoFo Brewing & Distillery.

14.

The Heater did not contain any instructions or warnings.

15.

Following is a picture of the Heater installed at NoFo Brewing & Distillery:



**Figure 11: The Heater installed at NoFo Brewing & Distilling**

## THE INCIDENT

16.

On January 12, 2021, Jonny Bradley, the Head Brewmaster and Distiller of NoFo Brewing & Distillery, was showing the Still to Mr. Ziadie.

17.

Mr. Bradley poured roughly five gallons of 121-proof apple brandy into the Still and turned on the Heater to begin the distilling process.

18.

Unbeknownst to NoFo and Mr. Bradley:

(a)    Five gallons of liquid did not fully cover the heating element of the Heater inside of the Still;

(b)    The heating element of the Heater would reach temperatures exceeding the autoignition temperatures of alcohol vapors when not fully covered by liquid; and

(c)    Neither the Still nor the Heater should ever be used to distill alcohol that is 121 proof.

19.

As a result, several minutes later, the portion of the Heater that was exposed to the air inside the Still ignited the alcohol vapors contained within the Still,

causing a sudden explosion, which covered Mr. Ziadie in flaming alcohol.

## **INJURIES AND COMPENSATORY DAMAGES**

### 20.

As a result of Defendant PennyWise's actions, inactions, and negligence,

Mr. Ziadie:

(a)   Sustained personal injuries, special damages, and general damages for which he is entitled to be compensated by Defendant PennyWise;

(b)   Incurred medical expenses in excess of $210,000.00, the exact amount to be proven at trial;

(c)   Sustained permanent impairment, disability, and disfigurement;

(d)   Will continue to suffer both general and special damages in the future, including expenses for future medical treatment, the exact amount to be proven at trial; and

(e)   Suffered burns, as well as physical, mental, and emotional pain and suffering.

## **APPORTIONMENT OF FAULT**

### 21.

Under Georgia law, defendants in civil cases may attempt to shift fault to other defendants, or other persons/entities who are not parties to the lawsuit. This

is called apportionment.

22.

Although defendants can apportion fault away from themselves in any case, that apportionment will reduce the verdict (and judgment) against them only when the plaintiffs sue more than one defendant. *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 351 (2021).

23.

If the plaintiffs sue only one defendant, that defendant may argue that fault should be apportioned to others during the trial, and the jury may ultimately apportion fault to others, but the single defendant will, itself, be liable for the entire amount of the verdict, without regard to any apportionment. *Id*. In other words, the full amount of the judgment will be entered against the single defendant, without regard to any apportionment, and without any reduction of the Plaintiff's damages as a result of any apportionment. *Id*.

24.

Since Plaintiff here has sued only one defendant, any apportionment of fault to a non-party by the jury in this case will not affect the Court's judgment, if any, against Defendant PennyWise, which will be liable for the entire amount of any verdict in favor of Mr. Ziadie.

## <u>COUNT I – STRICT LIABILITY</u>

### 25.

Defendant PennyWise designed, selected, inspected, tested, manufactured, assembled, equipped, marketed, distributed, and sold the Heater.

### 26.

The Heater was sold to the end-user as a new product within 10 years of the filing of this action.

### 27.

The Heater left Defendant PennyWise's control in the same or substantially similar condition as it was at the time and place of the Incident, with the exception of the ordinary wear and tear gained by the normal and foreseeable use of the Heater in distilling operations.

### 28.

The Heater is defective, unreasonably dangerous, and unsafe for foreseeable uses and users in that it is capable of causing its heating element to reach temperatures exceeding the autoignition temperatures of alcohol vapors when not fully covered by liquid, and it contained no instructions or warnings.

29.

The defective nature of the Heater was the proximate cause of the injuries and damages sustained by Mr. Ziadie.

## COUNT II – NEGLIGENCE

30.

Defendant PennyWise had, and has, a duty to warn its customers and all end-users of its products about any dangerous condition, defect, or safety hazard that it knew about, or reasonably should have known about. This duty to warn extends beyond the sale of the product to the customer, and continues to this day.

31.

As the designer, manufacturer, marketer, inspector, tester, and seller of the Heater, Defendant PennyWise owed a duty of care to NoFo, Mr. Ziadie, and the consuming public in general to ensure that its heaters are safe and free from defects. Defendant PennyWise also had a duty to adequately warn owners, users, and the consuming public, about risks and dangers of using the Heater in distilling operations; hazards that it knew or should have known about.

32.

The Heater was both unreasonably dangerous and defective at the time it was designed, fabricated, assembled, manufactured, tested, inspected, marketed,

and sold because it was unsafe for its intended and reasonably foreseeable uses, and it did not contain any instructions or warnings, and PennyWise knew or should have known of the hazards but failed to adequately warn owners, users, and the consuming public.

33.

Based upon the foregoing, Defendant PennyWise was negligent and was the factual and legal cause of the injuries, harm, damages, and losses of Mr. Ziadie.

<strong><u>COUNT III – PUNITIVE DAMAGES</u></strong>

34.

Defendant PennyWise demonstrated gross neglect and an entire want of care evidencing a reckless indifference and conscious disregard to the consequences of its actions, which included an extreme degree of risk. Plaintiff is entitled to an award of punitive damages to deter Defendant PennyWise from such conduct in the future.

<strong><u>COUNT IV – ATTORNEYS' FEES AND EXPENSES</u></strong>

35.

Defendant PennyWise has acted in bad faith, has been stubbornly litigious, and has caused the plaintiff unnecessary trouble and expense, entitling Mr. Ziadie to attorneys' fees and the expenses of litigation pursuant to O.C.G.A. § 13-6-11.

## **PRAYER FOR RELIEF**

36.

Plaintiff prays for the following relief:

(a)     That Plaintiff recover all legally compensable damages that were

inflicted by Defendant;

(b)     That punitive damages be awarded against Defendant in an amount

sufficient to punish it for the harm caused by its dangerous and

defective product, and to deter it from similar future misconduct;

(c)     That Plaintiff recover pre-judgment and post-judgment interest as

allowed by applicable law;

(d)     That Plaintiff recover his costs of suit;

(e)     That Defendant pays Plaintiff's attorneys' fees and case expenses;

(f)     That Plaintiff have a trial by jury; and

(g)     For such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th, day of March, 2022.

**ASHBY | THELEN | LOWRY**

    */s/ Drew Ashby*

445 Franklin Gateway, SE      Andrew S. Ashby
Marietta, Georgia 30067       Georgia Bar No. 455020
Main: (404) 777-7771          Maxwell K. Thelen
Fax:  (404) 777-7772          Georgia Bar No. 311404
drew@atllaw.com               Seth A. Lowry
max@atllaw.com                Georgia Bar No. 867568
seth@atllaw.com

## **CERTIFICATION**

The undersigned counsel hereby certifies that this pleading complies with

the Local Rules of this Court, including Local Rules 5.1.C and 7.1.D (N.D. Ga.).